NELSON, J., Associate Justice,
for the panel.
INTRODUCTION
The relevant facts in this matter are not challenged. Max Lazard was charged with four counts of Distributing a Controlled Substance, CTC 3-1-179. In accordance with a plea agreement he pleaded guilty to three of the four counts. The fourth count was dismissed. He was sentenced as follows: Count I—360 days incarceration; Count II—360 days incarceration; Count III—360 days incarceration with 360 days suspended conditioned upon several factors and a probationary period of three years. The sentences were consecutive. As such, Mr. Lazard was sentenced to serve 720 days incarceration with the possibility of 360 days more should he not comply with the conditions of the suspended sentence. The probationary period was 1080 days.
Mr. Lazard objected at sentencing to the length of the probationary period. There is no record of objection to the imposition of two 360 day sentences to be served consecutively (i.e. stacking). This issue developed during briefing and oral arguments.
ISSUES ON APPEAL
The Notice of Appeal states the ruling being appealed was: “On September 25, 2014, Mr. Lazard pleaded to three counts of Delivery of a Controlled Substance. (A fourth count was dismissed pursuant to the plea agreement.) On November 21, 2014, Mr. Lazard was sentenced to 360 days on two counts consecutive to one another with no time suspended. He was sentenced to 360 days with 360 suspended on the remaining count. Mr. Lazard was given 36 months probation. He noted his exception to the length of probation at the time of sentencing.
Both the appellant and the appellee attempted to enlarge the issue on appeal by expanding it to include “What is the maximum length of time allowed for either one count or several counts?”. This issue was not raised before the trial court. Issues not considered and ruled upon by the trial court cannot be raised on appeal. This court is without jurisdiction to hear matters raised for the first time on appeal. See CCT LOC 1—2—106(f). Jurisdiction. Neither party presented briefing or argument regarding why this rule should not apply.
Accordingly, we have determined there is one issue before us; to wit: whether the three year probationary period imposed at sentencing is unreasonable.

*55
STANDARD OF REVIEW

This matter concerns issues of law only. There is no dispute regarding material facts. Accordingly, the standard of review is de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995), Stone v. Colville Business Council, 5 CCAR 16, 3 CTCR 11, 26 ILR 6076 (1999).
DISCUSSION
The appellant was sentenced to serve 720 days incarceration with 0 days suspended. He was also sentenced to an additional 360 days incarceration with 360 days suspended upon several conditions. The period of probation was 1080 days. The appellant objected to the length of the probationary period as being unreasonable, but other than that, the issue appears to not have been discussed. The trial court provided no explanation for the length of the probationary period.
The length of the probationary period should be reasonable. CTC § 3-1-261; Mellon v. Colville Confederated Tribes, 4 CTCR 17, 8 CCAR 01, — Am. Tribal Law -(2005). We assume the probationary period begins with the first day of incarceration. There is nothing in the record indicating otherwise. A 1080 day probationary period is not unreasonable for a total sentence of 720 days incarceration.
The sentence of the trial court is AFFIRMED.